AVILÉS, APPELLANT, v. THE REGISTRAR OF PROPERTY,
RESPONDENT.

APPEAL from a decision of the Registrar of Property of
Aguadilla.

No. 141.—Decided April 11, 1913.

PROPERTY OF MINORS—SALE BY PRIVATE DOCUMENT—EXECUTION OF DEED BY
WIDOW.—The mother of minor children must have judicial authorization from
the proper district court to execute a public deed of sale to a property con-
veyed in a private document by the father of said minors prior to the date
on which Act No. 33 of March 9, 1911, went into effect. The provisions of
this law governing the sale at public auction of the property of minors are
not applicable to a case of this character.

The facts are stated in the opinion.

*Mr. Mariano R. Acosta* for appellant.

The registrar did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

By a public deed executed on March 20, 1912, for the
partition of the property of José Monserrate Déliz, who
died on September 27, 1905, his widow, Ana Petronila Mén-
dez Vaz, who waived all rights to her half of the community
property as well as her usufructuary rights in said property,
stated as representative of 10 minor children who were born
of her marriage with the deceased, of whom they were the
sole heirs, that on July 15, 1905, her husband with her con-
sent had sold to Bonifacio Avilés Pérez, as witnessed by a
private document which was copied literally in said deed, a
country property of 14.50 *cuerdas* situated in the ward of
Capá of the municipal district of Moca, for $240, which sum
was acknowledged to have been received by the vendor, the
latter binding himself to execute a public deed of sale in favor
of Avilés Pérez, wherefore, acting as such representative
and in compliance with said obligation, she executed the

promised deed in favor of Avilés Pérez in order that the latter might be able to record his title of ownership in the registry of property.

The aforesaid deed of partition of the property having been presented in the Registry of Property of Aguadilla for the purpose of recording the sale made to Avilés Pérez, the registrar refused its admission to record for the reasons which appear in the following decision:

"The registration of the foregoing document is denied because the act or contract therein recited does not constitute the payment of a debt against the hereditary estate but a ratification of a sale made in a private document, without previously obtaining the authorization of the district court of this city in accordance with section 80 of the Law of Special Legal Proceedings, approved March 9, 1905, as amended by an Act of March 9, 1911; and a cautionary notice is entered according to law after examining the accompanying documents, only with regard to the property situated in the municipality of Moca, which was the only property whose registration was requested in favor of Bonifacio Avilés Pérez, on folio 196 of volume 13 of Moca, property No. 629, duplicate, annotation letter B. Aguadilla, March 15, 1913. The Registrar, Rafael Tirado Verrier."

From the aforesaid decision of the registrar an appeal was taken to this court by Bonifacio Avilés Pérez, who alleged in support thereof that the statutes cited by the registrar are not applicable to this case, inasmuch as the question involved is not one of making a sale but of the execution of a title to a sale already made, and there is no need of selling at auction a property which had been sold already to Avilés Pérez by a private document.

It is provided by article 229 of the Civil Code as amended by Act No. 33, approved March 9, 1911, that the exercise of the *patria potestas* does not authorize the father or mother to alienate or encumber any kind of real property or any personal property whose value exceeds $500 belonging to the child and under the administration of its parents, without the previous authorization of the district court of the district

wherein the property is situated after showing the necessity or utility of the alienation or encumbrance in conformity with the provisions of sections 80, 81, and 82 of an Act relative to Special Legal Proceedings, approved March 9, 1905, which sections have been worded and reenacted in the manner provided for by the Act of March 9, 1911, previously cited.

Said sections prescribe the requirements to be complied with in all cases where, according to the Civil Code, the parents or the tutors of a minor or incapacitated person shall be in need of judicial authorization to do anything relative to the safe-keeping of said minor or incapacitated person or of his property. We understand that the requirements of the law for the sale of real property do not govern a case of this nature where the object sought is only to convert a private document witnessing the sale of property belonging to the minor children of José Monserrate Déliz into a public deed, for the cogent reason that there is no way of selling a property already sold. But this does not exempt the representative of the minors from the duty of requesting authority from the proper district court to execute the public deed.

The private document which was executed by José Monserrate Déliz with the consent of his wife in favor of Bonifacio Avilés Pérez created a legal contract between the contracting parties which now affects the heirs of the vendor; but as the matter in question involves the sale of real property, it cannot produce any legal effect as regards third persons until the contract is recorded in the registry of property, for which purpose it is absolutely necessary that it be set out in a public deed.

As regards third persons, the property in question belongs now to the Succession of José Monserrate Déliz composed of his minor children.

There was a real contract of bargain and sale between José Monserrate Déliz and Bonifacio Avilés Pérez, but said contract, whose object was the transfer of a dominion title to real property, must be shown in a public deed in accord-

ance with the provisions of section 1247 of the aforesaid code; and in order to comply with said requirements the necessary judicial authorization should be secured for the protection and benefit of the rights of the Déliz minors. See the case between the same parties, 17 P. R. R., 925.

For the reasons aforesaid the decision of the Registrar of Aguadilla should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.